1822.

GLEN
v.
FISHER.

---

GLEN and his Wife *against* D. FISHER, Administrator of HARMAN FISHER, deceased.

Where an *administrator* was sued for a legacy charged on land devised to the intestate, which the intestate accepted, and died in possession: *Held,* that the charge being *personal* on the devisee, his personal representative was bound to pay the legacy, as a *personal debt;* and that the plaintiff was to be considered as a *creditor,* and not bound to tender security to refund in case of a deficiency of assets.

It is only when executors and administrators are sued as executors or administrators, that the legatee is required to give security to refund.

The legatee being compelled to sue for the legacy, is entitled to *interest* and *costs.*

Feb. 4th.

THE bill, in this case, after stating the facts as in the last case, as to the will of *F. F.*, the testator, &c., added further, that *Harman F.*, a son of the testator, died on the 31st of *January*, 1815, intestate.   That the testator, by his will, devised to his son, *Harman*, the west half of his farm, worth 3,000 dollars.   That after the death of the testator, *H.* entered into possession of the farm so devised to him, and died in possession, and the land descended to his heirs.   That the defendant, *Daniel F.*, was appointed

*administrator* of the intestate's estate, in 1815. That the one fourth of the legacy given to the plaintiff, *C.*, had never been paid by *H. F.*, and that the defendant, as administrator, had assets more than sufficient to pay the legacy. *Prayer*, for an account, and payment, by the defendant, of the principal and interest due ; and if the defendant does not admit assets sufficient, then for an account of the assets, &c.

The defendant, in his answer, admitted the facts stated in the bill, and assets sufficient to pay the fourth of the legacy ; but denied that payment had ever been demanded, and insisted, that the plaintiffs ought to have tendered a bond, with good sureties, to refund the 375 dollars, or proportional part of the legacy claimed of the intestate's estate, in case debts should appear against the estate, and there should be no other sufficient assets to pay.

The cause was submitted on the bill and answer.

The points raised were the same as in the last cause.

*Haring*, for the plaintiffs.

*Chamberlain*, contra.

THE CHANCELLOR. This suit is against the *administrator* of *Harman Fisher*, deceased, who was personally bound to pay the legacy, in consequence of the acceptance of the devise, which was made upon the condition of paying the legacy. The legacy, equally in this as in the other case, was a charge on the *person* of the devisee, and his personal representative is bound to pay it as a personal debt. The plaintiffs sue here in the character of *creditors*, and are no more bound than other creditors would be, to give security to refund in case of a deficiency of assets of the intestate. The legacy becomes a charge upon the assets of the intestate, in like manner as other debts against him. It is only when the executors or administrators of

the testator are sued *quasi* executors or administrators, that the legatee is required to give security to refund.

The plaintiffs are, likewise, entitled to interest and costs, and to have a like reference in respect to a provision for the wife, as in the other case.

Decree accordingly.