Mr. Justice MacArthur
delivered the opinion of the court:
By the second clause in the will there is bequeathed to the plaintiff the sum of 81,000, which is to be held in trust for her by the executors until she shall have attained the age of eighteen years, when that amount is to be paid over to her, free and clear of all charges. In the ninth clause the testator charges all the preceding pecuniary legacies upon his house and lot on Thirteenth street west, but he is. careful to state that his object in charging the house with these legacies is to guard against their defeat by circumstances beyond the control of his executors. It was argued from this provision that the legacy was made a charge upon the realty by way of security only, so that it would not be defeated in case there was a deficiency of personal assets, and that it was, therefore, manifestly his intention that his-personal estate should not be exonerated from.the payment of the legacies. It is a familiar and well-settled doctrine, that the personalty is the primary fund out of which legacies are payable; and that a mere charge on land will not. exonerate the personal property, unless the will shows upon its face a clear intention on the part of the testator to change the primary liability. Livingston vs. Newkirk, 3 Johns. Ch., 319; Tole vs. Hardy, 6 Cow., 332. The testator is presumed to act upon this legal doctrine, unless he has distinctly manifested the contrary by the terms and provisions of the will. Hoes vs. Hosen, 1 Comst., 120. See also Harris vs. Fly, 7 Paige, 421; Glen vs. Fisher, 6 Johns. Ch., 36. There is not enough on the face of this will to *451 show that the personalty was to be excluded, and that the legacy was charged wholly upon the land. The latter was to be resorted to only upon the contingency that circumstances placed it beyond the power of the executors to pay the legacy. That this is the construction of the will is evident ; for how could the executors be unable to discharge them from any other circumstance than a deficiency of assets belonging to the estate. That circumstance did not transpire in this case, for it is admitted that the executor had sufficient assets in his hands for the payment of all debts and legacies, and the contingency upon the happening of which a resort to the realty was provided for had not occurred. Having wasted the fund or misappropriated it, he has failed in the performance of the duties of his office as executor, and an action would therefore lie against his surety as for a breach of his undertaking.
It has been contended that when Ford gave himself a receipt as trustee for the legacy, his responsibility in regard to it terminated as executor, and that his surety was thereby discharged. We think this attempted transmutation of the fund from his capacity as executor to that of trustee was only colorable, and one which he had no right to make. By the express terms of the will he was to invest the amount bequeathed, and apply the income to the benefit of the legatee until she should reach the age of eighteen years, and then pay over to her the said sum of one thousand dollars with as little delay as possible, and free from all charge or commission. If he failed to fulfill these directions, it was in violation of his duty as executor, for the security of which the undertaking now in suit was given. Hall vs. Cushing, 9 Pick., 395; Browne vs. Kelly, 2 Cush., 243.
Judgment below affirmed.